# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA PASCIOLLA, | )<br>) |
| Plaintiff, | )  2:16-cv-1313<br>) |
| v. | )  Judge Mark R. Hornak<br>) |
| GENERAL NUTRITION CENTERS, INC., | )<br>)<br>) |
| Defendant. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff Samantha Pasciolla filed a class action complaint against Defendant General Nutrition Centers, Inc. alleging a violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). Pending before the Court is the Defendant's Motion to Dismiss Class Action Complaint, ECF No. 12. For the reasons that follow, the Defendant's Motion is GRANTED, and the case is DISMISSED.

I.  **BACKGROUND**

The facts alleged in Plaintiff's Class Action Complaint, which the Court will accept as true for the purposes of deciding the pending Motion, are relatively straightforward. The Plaintiff is a resident of New Jersey, and the Defendant is a corporation with its principal place of business in Pittsburgh, PA. ECF No. 1 at 3. In August of 2016, the Plaintiff accessed the Defendant's website, www.gnc.com, and purchased a product from it. *Id.* The Plaintiff does not allege that she encountered any problems with the product or that she was dissatisfied with her purchase in any way. *See* ECF No. 1.

At the time of the Plaintiff's purchase, customers on the Defendant's website were required to agree to the Defendant's Terms and Conditions ("T&C").[1] *Id.* at 2; ECF No. 13-1. In her Complaint, the Plaintiff, on behalf of herself and all other similarly situated New Jersey citizens, claims that the T&C violate the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). ECF No. 1 at 1. Specifically, the Plaintiff argues that the T&C violate Sections 15 and 16 of the TCCWNA. Section 15 prohibits a seller from offering or entering into a contract with a consumer that "includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law." N.J. Stat. Ann. § 56:12-15. Section 16 states that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." N.J. Stat. Ann. § 56:12-16.

The Defendant filed a Motion to Dismiss, in which it primarily argues that the Plaintiff lacks standing to pursue her claim. ECF Nos. 12, 13.

II. **DISCUSSION**

There are three elements required to establish constitutional standing. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted).

---

[1] The full text of the T&C applicable at the time the Plaintiff accessed the Defendant's website can be found at ECF No. 13-1.

2

In this case, the Defendant argues that the first element has not been established because the Plaintiff fails to allege an "injury in fact." ECF No. 13 at 7-11. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotations omitted). Here, the parties' dispute focuses on whether the Plaintiff has alleged an injury that is sufficiently concrete. The Plaintiff argues that she has alleged such a concrete injury because she "suffered injury in precisely the form the TCCWNA was intended to guard against"—she contends that the TCCWNA "creates a legal right to be free from the deceptive practice of offering illegal and misleading contract terms" and that she received a contract containing illegal and misleading terms. ECF No. 17 at 5 (internal quotations and alterations omitted). Conversely, the Defendant argues that the violation of the TCCWNA that the Plaintiff alleges is not sufficient to establish the necessary concrete injury. ECF No. 13 at 9.

In *Spokeo*, the Supreme Court discussed the "concreteness" requirement and reiterated that "Congress may elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Spokeo*, 136 S. Ct. at 1549 (internal quotations omitted). However, the Supreme Court also explained:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.*

Since *Spokeo*, a number of other district courts have dealt with standing issues arising out of allegations almost identical to those at issue here. Those courts have consistently held that a plaintiff lacks standing to sue on the basis of a TCCWNA violation when the plaintiff has not

3

alleged that the applicable terms and conditions prevented the plaintiff from asserting any of her rights. For example, in *Rubin v. J. Crew Group, Inc.*, the plaintiff alleged that she had purchased products on J. Crew's website for years and that the website's Terms and Conditions violated the TCCWNA. The plaintiff did not allege that there were any problems with her purchases, or that she had read or relied upon the Terms and Conditions, or that they were actually applied against her. Based on those allegations, the court concluded that the plaintiff had "[pled] only procedural statutory violations under the TCCWNA. Hence, [she had] not alleged any concrete harm in accordance with *Spokeo*." *Rubin v. J. Crew Grp., Inc.*, No. CV 16-2167, 2017 WL 1170854, at *6 (D.N.J. Mar. 29, 2017). *See also Murray v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855, at *4 (D.N.J. May 8, 2017) ("Critically, what [the plaintiff] fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the TCCWNA requires [the defendant] to tell her....The omission of any allegation of harm is fatal to [the plaintiff's] case.); *Hite v. Lush Internet Inc.*, No. CV 16-1533, 2017 WL 1080906, at *8 (D.N.J. Mar. 22, 2017) ("Because Plaintiff does not seek to vindicate any underlying rights secured by the TCCWNA—i.e. she is seeking only to bring the Terms of Use into accord with what she believes New Jersey law requires, not to actually bring a suit or recover damages which she believes are unlawfully barred by the Terms of Use—she does not have standing to sue.... Based upon the allegations in the Amended Complaint, the harm that Plaintiff has suffered from the allegedly unlawful limitations of liability in the Terms of Use is metaphysical at best."); *Hecht v. Hertz Corp.*, No. 2:16-CV-01485, 2016 WL 6139911, at *4 (D.N.J. Oct. 20, 2016), *appeal dismissed sub nom. David Hecht v. Hertz Corp.* (3d Cir. Jan. 11, 2016) ("At bottom, Plaintiff's [Complaint] presents the quintessential 'bare procedural harm, divorced from any concrete harm,' which cannot 'satisfy the injury-in-fact requirement of Article III.'")

4

(quoting *Spokeo*, 136 S. Ct. at 1549-50); *Candelario v. Rip Curl, Inc.*, No. SACV 16-963, 2016 WL 6820403, at *2 (C.D. Cal. Sept. 7, 2016) ("Plaintiff simply alleges that she purchased a piece of clothing which looked different from its photograph on Defendant's website and then reviewed Defendant's Terms and Conditions. Her only connection to the Terms and Conditions appears to be her decision to read them. These allegations are insufficient to show a concrete and particularized injury.") (internal citations omitted).

This Court reaches the same conclusion in this case. Here, as in *Rubin*, the Plaintiff alleges that she purchased a product on the Defendant's website and that the terms of the T&C are contrary to the TCCWNA. However, she does not claim that she was dissatisfied with her purchase, that the T&C deceived her or that the T&C prevented her from asserting any of her rights. In fact, the Plaintiff does not even allege that she read the T&C.[2] As in *Rubin*, "the genesis of [the] Plaintiff's lawsuit 'is seeking only to bring the [T&C] into accord with what she believes New Jersey law requires, not to actually bring a suit or recover damages which she believes are unlawfully barred' by [the T&C]." *Rubin*, 2017 WL 1170854, at *6 (quoting *Hite*, 2017 WL 1080906, at *8). The Court therefore concludes that the allegations in the Plaintiff's Class Action Complaint amount only to a claim of a "bare procedural violation." *Spokeo*, 136 S. Ct. at 1549. No concrete harm has been alleged; there is no "injury in fact"

---

[2] The fact that the Plaintiff does not even allege that she read the T&C is one reason that this case is distinguishable from *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). In her papers, the Plaintiff argues that her case is synonymous with *Havens*, where the Supreme Court found that individuals had standing to sue under the Fair Housing Act when they were given false information by real estate agents about the availability of apartments, even though they never intended to buy or rent an apartment. *Havens*, 455 U.S. at 366-69, 372-75. The Plaintiff contends that just as the Fair Housing Act provides a "legal right to truthful information about available housing," *Havens*, 455 U.S. at 373, the TCCWNA provides a "legal right to receive contracts free from illegal and misleading terms." ECF No. 17 at 4. However, whether or not the TCCWNA provides such a legal right is irrelevant in this case because here the Plaintiff does not allege that she was aware of the T&C, that she read the T&C, or that the T&C prevented her from exercising her rights. Therefore, any injury to the Plaintiff is purely hypothetical. In contrast, in *Havens*, "the plaintiffs actually sought and were denied statutorily required information." *Rubin*, 2017 WL 1170854, at *7. Thus, the Court concludes that, unlike the situation in *Havens*, there is no concrete injury alleged in this case.

5

here.[3] Accordingly, the Plaintiff does not have standing to sue, and the Defendant's Motion to Dismiss will be granted.[4]

The Court's conclusion is not altered by consideration of the Third Circuit's recent decision in *Susinno v. Work Out World Inc.*, No. 16-3277, 2017 WL 2925432 (3d Cir. July 10, 2017). In *Susinno*, the plaintiff brought suit under the Telephone Consumer Protection Act after she received one unsolicited telephone call, which ended with a one-minute-long, prerecorded voicemail from the defendant. In its decision, the Third Circuit discussed *Spokeo* and its own decision in *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017) and ultimately concluded that the plaintiff had the requisite standing. *See Susinno*, 2017 WL 2925432, at *3-5. The Third Circuit summarized its rule from *Horizon* by explaining that "[w]hen one sues under a statute alleging the very injury [the statute] is intended to prevent, and the injury has a close relationship to a harm ... traditionally ... providing a basis for a lawsuit in English or American courts, a concrete injury has been pleaded." *Id. at *4* (internal quotations omitted). In *Horizon*, the Third Circuit also reiterated that "[i]t is nevertheless clear from *Spokeo* that there are some circumstances where the mere

---

[3] The Court notes that its decision in this case is consistent with its decision in *Luca v. Wyndham Worldwide Corp.*, No. 2:16-CV-00746, 2017 WL 623579 (W.D. Pa. Feb. 15, 2017). In *Luca*, the Court concluded that the plaintiff had alleged a concrete injury and therefore had standing to assert a violation of the TCCWNA, when he was asserting a claim under the New Jersey Consumer Fraud Act ("CFA") and when he alleged that the Defendant's website's Terms of Use violated his right to recover under the CFA for an allegedly undisclosed/improperly disclosed resort fee. *See Luca*, 2017 WL 623579. In its decision in *Luca*, this Court distinguished the facts alleged in that case from the facts alleged in cases like the one at issue here, such as *Hecht*, 2016 WL 6139911, and *Rip Curl*, 2016 WL 6820403. *Luca*, 2017 WL 623579, at *5. This Court explained, "[u]nlike in this case, however, the plaintiffs in [*Hecht* and *Rip Curl*] identified no other underlying legal right or remedy that the website's provisions placed at risk. Instead, in each of these cases, the plaintiff's suit relied solely on an alleged 'technical' violation of the TCCWNA—a quintessential procedural violation, divorced from harm." *Id.*

[4] Because constitutional standing is a requirement for any suit in federal court, the Court need not consider any of the other arguments the Defendant raises in its Motion to Dismiss, including whether the T&C violate the TCCWNA. *See* ECF No. 13.

technical violation of a procedural requirement of a statute cannot, in and of itself, constitute an injury in fact." *Horizon*, 846 F.3d at 638.

In this case, the Plaintiff urges the Court to apply the two-step *Susinno* test and conclude that she has standing. ECF No. 30 at 1-5. However, this Court concludes that this case is distinguishable from *Susinno*. In *Susinno*, the plaintiff received a call to her cellphone that she alleged was, among other things, a nuisance and an invasion of her privacy. *See Susinno*, 2017 WL 2925432, at *4. To put it plainly, the plaintiff did not just allege a procedural violation of a statute—she alleged that the violation of a statue had actually affected her tangible (and statutorily-considered) interests in a concrete manner. In contrast, in this case, the Plaintiff has alleged only a procedural violation of the TCCWNA, namely the existence of the T&C. She has not alleged that the T&C affected her at all or even that she was aware of its provisions at or near the time of her purchase. Accordingly, even considering *Susinno*, this Court cannot conclude that the Plaintiff in this case has satisfied the concrete injury requirement. The Plaintiff's allegations are insufficient to establish standing.

### III. <u>CONCLUSION</u>

The Defendant's Motion to Dismiss, ECF No. 12, is GRANTED. The case is DISMISSED without prejudice.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: August 8, 2017
cc:     All counsel of record

7